IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| T. Terell Bryan, | ) | C/A No.: 1:10-2834-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Defense Technology, U.S., U.S. | ) | |
| Attorney, Linda Holmes, Darrell A. | ) | |
| Basinger, Jane Doe, South Carolina | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brought this civil rights action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Before the court are the following motions: (1) Plaintiff's Motion to Remand [Entry #23]; (2) Motion for Summary Judgment by Defendants Doe, Holmes, and Basinger, and the South Carolina Department of Corrections ("SCDC Defendants") [Entry #54]; and (3) Plaintiff's Motion to Amend the Complaint [Entry #65]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motions are dispositive, this Report and Recommendation is entered for review by the district judge.

I.      Factual and Procedural Background

Plaintiff originally filed this action in Florida state court on August 26, 2010. The matter was removed to federal district court for the Middle District of Florida on October 28, 2010, based on the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

[Entry #1]. On November 1, 2010, the case was transferred to the District of South Carolina, as the events alleged in the complaint took place in South Carolina, where Plaintiff is incarcerated.

In his complaint, Plaintiff alleges Jane Doe used excessive force by spraying him with mace on September 4, 2007. Compl. at 5. [Entry #2]. According to Plaintiff, he was seen by Nurse Basinger, who he informed that he was having trouble breathing and that his chest hurt. *Id.* Plaintiff appears to claim that Basinger did not give him adequate attention. *Id.* Plaintiff next complains that he filed grievances about this matter, to which inmate grievance coordinator Holmes did not respond. *Id.*

The above incident notwithstanding, the majority of Plaintiff's complaint appears to assert a product liability claim against Defendant Defense Technology, U.S. ("DT"), which allegedly manufactures the mace used by the SCDC. *See generally* Compl. [Entry #2]. Plaintiff appears to assert that the DT knew their product was unsafe and failed to properly warn and/or train the SCDC on the dangers of the product and possible side effects. *Id*. Plaintiff also names the U.S. Attorney as a Defendant, alleging that he has ignored Plaintiff's letters and requests for attention to this matter. *Id.* at 7.

The SCDC Defendants filed their motion for summary judgment on March 21, 2011. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #55]. Plaintiff filed a responses in opposition to Defendants' motion [Entry #61]. Having

carefully considered the parties' submissions and the record in this case, the court recommends: (1) Plaintiff's motions to remand and to amend the complaint be denied; (2) Basinger be granted summary judgment; (3) Holmes, Doe, the SCDC, and the U.S. Attorney be dismissed for failure to effect service of process pursuant to Fed. R. Civ. P. 4(m); and (4) that the district judge decline to exercise jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c) and this matter be dismissed in its entirety.

II.     Discussion

    A.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

        1.    Service of Process

The SCDC Defendants allege Plaintiff has not properly served them. Additionally, there is no indication that Plaintiff has served the U.S. Attorney, who has not made an appearance in this action. Plaintiff argues that he has effected service of process over Defendants, but attaches only an affidavit of service for Basinger in support of this claim. [Entry #61-6 at 3]. Because Plaintiff has failed to serve Holmes, Doe, the SCDC, and the U.S. Attorney within 120 days pursuant to Fed. R. Civ. P. 4(m), the court cannot exercise personal jurisdiction over these Defendants. Although Plaintiff points out that SCDC

Defendants did not allege improper service in their initial motion to dismiss, SCDC Defendants did preserve the defense in their Answer filed on November 15, 2010. [Entry #10]. Therefore, the undersigned recommends the SCDC Defendants, save for Basinger, be granted summary judgment as service of process was not properly effected and the court may not exercise personal jurisdiction.[1] Additionally, the undersigned recommends the U.S. Attorney be dismissed from this case based on Plaintiff's failure to effect service of process pursuant to Fed. R. Civ. P. 4(m).

2.     Claims Against Basinger

Plaintiff has also asserted what appears to be a claim for deliberate indifference to his serious medical needs against Basinger. However, a review of Plaintiff's medical records in this case reveal that he was treated for his medical complaints related to the mace. [Entry #61-3 at 2].

In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain." *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner

---

[1] In the event Plaintiff provides documentation showing he effected service of process, Plaintiff has not stated a claim for which relief may be granted against Holmes, as Plaintiff has no constitutional right to a grievance process. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Additionally, the SCDC is not a "person" subject to suit pursuant to 28 U.S.C. § 1983.

5

> constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 103–105 (citations and footnotes omitted). The Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted).

In *Farmer v. Brennan*, the Supreme Court clarified that an officer must have "acted or failed to act despite his knowledge of a substantial risk of serious harm." 511 U.S. 825, 842 (1994). Additionally, the *Farmer* court noted that "[w]hether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence" and that "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.*

Based on the record before the court in the instant case, Plaintiff has provided no evidence that Basinger was deliberately indifferent to his serious medical needs. Although Plaintiff claims the medical record documenting his care on September 4, 2007 was created by Basinger to "down play" his injuries, he has pointed to no subsequent medical

6

records to indicate he had on-going injuries as a result of the mace. Plaintiff has submitted selected portions of articles[2] listing the alleged potential dangers of chemical munitions. However, he has not set forth any evidence which shows that he has suffered from any of the alleged side effects or that Basinger failed to treat him for such conditions. In contrast, both Plaintiff and Basinger provided medical records for Plaintiff showing that he received medical care on September 4, 2007 related to the mace. [Entry #54-5, #63-3 at 1–2]. Therefore, it is recommended that Basinger be granted summary judgment.

### 3. State Law Claims

Having recommended summary judgment be granted to the SCDC Defendants and that the U.S. Attorney be dismissed, it is further recommended that the district judge decline to exercise jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c).[3]

---

[2] It is not clear from the face of the documents the source or sources of the information or articles. [Entry #18-2].

[3] Whether to remand or dismiss in a removed case when federal claims have been eliminated is a matter normally left to the discretion of the district court. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 351, 357 (1988). The undersigned finds this discretion unaffected by the subsequent enactment of 28 U.S.C. § 1367(d), in the Judicial Improvements Act of 1990. Section 1367(d) tolls the state statute of limitations on any state claim over which a federal court has exercised supplemental jurisdiction until 30 days after its dismissal. However, § 1367(d) reduces one concern expressed in *Carnegie-Mellon*—that plaintiffs would lose their claims if their case were dismissed rather than remanded. In the particular circumstances of this case, the undersigned finds dismissal without prejudice pursuant to 28 U.S.C. § 1367 to be appropriate.

7

### C. Remaining Motions Before the Court

#### 1. Plaintiff's Motion to Remand

Plaintiff moves to remand this matter to state court and appears to argue this court is without subject matter jurisdiction because he has alleged no federal claims. However, a review of Plaintiff's complaint reveals that he pleaded claims for violation of due process in his second and fourth causes of action. Additionally, Plaintiff brought claims against the U.S. Attorney for alleged violations of his duties in his official capacity. Therefore, the case was properly removed based on the court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Although Plaintiff's motion for remand states that he will not argue any federal claims and seeks to delete the U.S. Attorney as a party, he may not divest the court of subject-matter jurisdiction by eliminating his federal causes of action. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 448 (4th Cir. 2004) (finding that "subject matter jurisdiction is not divested from the district court when the federal claims are dismissed from the complaint," but that a court has discretion to remand a case where Plaintiff has substantive grounds for amending the complaint) (citations omitted). Therefore, Plaintiff's motion to remand does not divest the court of subject matter jurisdiction. Additionally, because Plaintiff's motive for eliminating his federal claims appears to be solely to divest the court of subject matter jurisdiction, remand is not appropriate and the undersigned recommends Plaintiff's motion for remand be denied. [Entry #23].

2.      Plaintiff's Motion to Amend Complaint

Plaintiff filed his motion to amend his complaint to add additional causes of action on May 9, 2011. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); *see also Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (a pro se litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action).

In this case, it appears that Defendants would be prejudiced by Plaintiff's proposed amendment and that it would be futile. Plaintiff's motion comes almost six months after the deadline for amendments of pleadings on December 16, 2010. Additionally, Plaintiff filed his motion almost two months after the SCDC Defendants filed their motion for summary judgment on March 21, 2011. A plaintiff may not amend his pleadings to avoid summary judgment. Additionally, Plaintiff's proposed amendments appear to be futile, as the proposed amended complaint simply reorganizes and recharacterizes the claims and allegations in Plaintiff's original complaint. Therefore, the undersigned recommends Plaintiff's motion to amend the complaint be dismissed [Entry #65], as it would unfairly prejudice Defendants and would be futile.

III.    Conclusion

For the foregoing reasons, it is recommended that Plaintiff's motions to remand and to amend the complaint be denied.  Additionally, it is recommended that Basinger be granted summary judgment and that Holmes, Doe, the SCDC, and the U.S. Attorney be dismissed for failure to effect service of process pursuant to Fed. R. Civ. P. 4(m).  Finally, it is recommended that the district judge decline to exercise jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c) and this matter be dismissed in its entirety.[4]   If the district judge accepts this recommendation, all other pending motions will be moot.

IT IS SO RECOMMENDED.

*[signature]*

August 10, 2011                                              Shiva V. Hodges
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[4] Plaintiff is advised that if the district judge accepts this recommendation, the statute of limitations on his state claims may become an issue if he does not bring the claims in state court within thirty days of an order dismissing this case.